RUTH UNDERWOOD, Assignee of ISAAC PYLE vs. ABEL JEANS.

On a sale of real estate by the sheriff, he must be prepared to prove at least one advertisement posted in each hundred, ten days before the sale.

It seems that this is not exclusive of both days.

Levari facias. The sheriff returns sold—No. 1, to Beeson and Tweed for $9,025: No. 2, to J. Whiteman for $385: No. 3, to James Woods for $1.

Rule to show cause why the sale should not be set aside, on the affidavit of Abel Jeans, the defendant, that no notice of the sale was given to him; 2d., that due notice was not given to the public, inasmuch as no notice was published in the newspapers, and no statement in the advertisements of the lime-quarry, which was on the premises; and 3d., that there was a public impression that the bidding was for defendant, and the property was sacrificed in consequence of that impression.

The defendant produced some evidence that there was a report at the sale that the purchasers of No. 1 were bidding for him, and the property sold for less than its value, in the opinion of some of the witnesses. It did not appear that this report originated with the purchasers, or the creditors; indeed, it was charged on the defendant himself.

On the subject of notice the question arose whether the plaintiff or purchaser were bound to prove the notices without any evidence contra; and the court said the defendant must lay a prima facie case in support of his affidavit of the want of regular notice, to call on the other side for proof of notice; though slight evidence would be sufficient for this purpose.

The defendant then called the innkeepers of two of the principal inns in Pencader and Red Lion hundreds, where such advertisements were usually posted, and who had not seen any advertisement of this sale.

*The Court* considered this sufficient prima facie evidence of the want of legal notice, to call for proof on the other side; which was made in respect of nine of the ten hundreds in New Castle county. The proof as to the tenth was, that the sheriff gave the advertisements to a person to put them up there, and another person thought he had seen them up, but was not certain, because this property had been advertised several times. Notice was given also in a newspa-

per and a copy left with defendant, but these notices did not specify the quarries which made the property so valuable.

*Mr. Wales* contended, that this was not sufficient notice. That a sale of this magnitude ought to have been advertised in the fullest and most public manner. The law requires the sheriff to make a sufficient number of advertisements to be fixed in the most public place of each hundred, at least ten days before the sale. This does not confine it to one advertisement for each hundred. In regard to Red Lion hundred, the only notice proved was that the advertisement was seen at one place on the 1st of October, within the ten days. Mr. Sutton, the innkeeper, had no knowledge of it. Why no notices at Delaware city in the same hundred? In respect to Pencader hundred no notice was proved. The landlord had no knowledge of it. One witness saw an advertisement, but could not say it was for this sale; and there were three *sales*. The notices were also defective, because they did not describe the lime quarries. The St. George's notices were not put up until the evening of the 30th of September, for a sale on the 10th of October. Is this " at least ten days before the sale ?"

*Mr. Gray,* contra, said there can be no doubt that there has been a liberal public notice of this sale, in forms better calculated for the object than the legal notice. But the question is, whether the legal notice is proved. It is so without doubt as to all the hundreds but Pencader. As to that the sheriff swears that on Thursday or Friday of the last week of September, the advertisements were sent to Pencader. James Nicholson thinks he saw two advertisements in Pencader of the sale of Jeans' real property ; and this is sufficient to satisfy the court that advertisement was made in each hundred of the county. In addition, the sheriff advertised in the newspaper, which the law does not require.

*Rogers, jr.*—This is entirely a question of regularity in the proceedings of the officer ; and the presumption is in their favor. The law requires only one advertisement to be posted in each hundred. This and more than this has been done, though the proof as to one is not positive and absolute.

*The Court* set aside the sale on the ground that there was no proof that the notice was put up in Pencader hundred, ten days before the sale. It is true the presumption of law is, that the sheriff did his duty, but that presumption cannot operate against proof by the sheriff himself, that he did not put up the notice in Pencader, but sent it out by a stranger, and there is no proof that it was put up ten

days before the sale. James Nicholson thinks he saw this advertisement up in Pencader, but he is doubtful as to that. Even if he saw it he does not prove that it was up ten days; and the tavernkeeper says he never saw it there.

We doubt not there was ample notice of this sale, better than the notice required by law; but still the legal notice must be given and proved. It was susceptible of positive proof that these notices were put up in due time, and as this has not been done we set the sale aside. As to the proof of notice in St. George's, we think it sufficient. The day of putting up is to be counted, if the day of sale is excluded. This has been the practice. But additionally it would, according to the general rule of law, make the ten days expire on the 9th of October, for notices put up on the 30th of September.

*Wales* and *J. M. Clayton,* for the rule.

*Gray, Whitely* and *Rogers, jr.,* contra.